Howell, Ex'r, v. Green, Adm'r.

---

SAMUEL HOWELL, EXECUTOR OF DAVID HOWELL, DECEASED, v. CHARLES J. GREEN, ADMINISTRATOR OF DEBORAH GREEN, DECEASED.

A bequest in the following words: "I give and bequeath unto my sister, M. G., wife of J. B. G., the interest of $1000, the principal to be put out at use on safe security, and the interest thereof to be annually paid to her, for her own private use, during her natural life; and after her decease I give and bequeath the said $1000 to her two daughters,

*viz.*, Deborah and Sarah, equally to be divided," *held* to give vested legacies to the two daughters.

For statement of case, see 1 *Vroom* 326.

*P. D. Vroom*, for plaintiff in error.

1. The plain and natural meaning of the terms used is to give to Deborah and Sarah, the legatees, a contingent estate only, dependent on their surviving their mother; and such is the ancient law.

2. This case is not within any of the numerous exceptions to that rule, found principally in modern authorities.

3. The context of the will shows that such was the intention of the testator. The residuum of the estate was given by the will to the testator's brother, the plaintiff in error. *Smell* v. *Dee*, 1 *Salk*. 415; *Swinb. on Wills* 311; 1 *Roper* 396, 392; *Billingsby* v. *Wells*, 3 *Atk*. 219; *Thickness* v. *Liege*, 3 *Bro. P. C.* 365; *Reeves* v. *Bryan*, 4 *Ves*. 692; *Leake* v. *Robinson*, 2 *Mer*. 363; *Jarman on Wills* 766, *in notis* 1.

*J. Vanatta*, contra.

1. By the terms of the bequest and a well settled train of decisions, the legacy must be held to be vested.

2. A legacy must vest, unless there is an intention in the will that it shall not vest, and such intention must be clearly expressed. 1 *Jarman* 641, (*margin*) 644; 2 *Wms. Ex'rs* 1114; *Blamire* v. *Geldert*, 16 *Ves*. 314; *Wadley* v. *North*, 3 *Ves*. 365; *Smith* v. *Palmer*, 7 *Simons* 225; *Packham* v. *Gregory*, 4 *Hare* 396; *Benyon* v. *Maddison*, 2 *Bro. C. C.* 75; *Shattuck* v. *Stedman*, 2 *Pick. R.* 467; *Bunch* v. *Hurst*, 3 *Dess. R.* 273; *Birdsall* v. *Hewlett*, 1 *Paige* 32; *Eldridge* v. *Eldridge*, 9 *Cush*. 516; *Terrill* v. *Public Adm'r*, 4 *Bradf*. 246; *Gifford* v. *Thorn*, 1 *Stockt*. 702; *Owen* v. *Owen*, 2 *Beas*. 188.

GREEN, CH. The controversy in this case arises upon the following clause in the will of David Howell, deceased:

"I give and bequeath unto my sister, Martha Green, wife of Joseph B. Green, the interest of one thousand dollars, the principal to be put out at use on safe security, and the interest thereof to be annually paid to her, notwithstanding her coverture, to and for her own private use during her natural life; and after her decease I give and bequeath the said one thousand dollars to her two daughters, viz., Deborah and Sarah, equally to be divided."

The residue of the estate was bequeathed to the testator's brother, Samuel, who was also appointed executor.

The legacy to Sarah lapsed by her death in the lifetime of the testator. Deborah survived the testator, but died before her mother. The question is, whether the legacy to Deborah vested at the death of the testator, or whether it depended upon the contingency of her surviving her mother.

It is a well settled rule of construction, that a gift of a legacy "at," or "when," or "after" a given event occurs, vests only upon the happening of the event. Apart from the context, a gift to the nieces of the testator after the death of their mother would not vest until their mother's death, and would depend upon the contingency of their surviving her. Where the time is annexed, not to the payment merely, but to the gift itself, the legacy does not vest till the period arrives. *Gifford* v. *Thorn*, 1 *Stockt.* 705, 729.

On the other hand, it is an equally well settled rule of construction, that where an absolute property in a fund is bequeathed in fractional interests in succession, at periods which must arrive, the interests of the first and subsequent takers will vest together. 1 *Roper on Leg.* 584.

It was held by the Supreme Court that the present case falls directly within the operation of this principle, and is controlled by it. The court held that "the language of the will was equivalent to saying, I give this one thousand dollars to my sister and her two children; she to have it during her life, and they to have it after her death."

But it is objected that there is no gift of the absolute property of any part of the fund to the testator's sister. It is

a gift of the interest of the fund only, not of the fund itself, for the life of the legatee. And that therefore, the gift to the sister of the testator and the gift to her daughters, are not gifts of fractional interests of the same fund.

If it be admitted that the application of the rule to the present case is open to this verbal criticism, it will be found nevertheless that the case, both upon principle and authority, is within the operation of the rule.

If the fund had been given directly to the sister of the testator for her life, or to another in trust for her for her life, and then over to her daughters, there could be no question as to the application of the rule. But the case does not seem to be at all varied, in point of principle, by the fact that the fund is by the testator directed to be invested by his executors, in trust for his sister, instead of being placed in the hands of a third party as trustee. The beneficial interest in the fund is disposed of absolutely and forever. Though the principal remains in the hands of his executors, it forms properly no part of the estate of the testator. The executors under the terms of the will must be regarded as trustees for the legatee. The fund of $1000 is distinguished and set apart from the rest of the estate, and is directed to be invested for the use of the legatee during her natural life. The gift of the fund for the life of the legatee is but the gift of the use of the fund. 2 *Kent's Com.* 352–3.

The terms of the gift, therefore, are a virtual appropriation of the entire interest in the legacy of $1000 to the testator's sister and her two daughters, the use of it to be enjoyed by the sister during her life, and on her death to go to her daughters. The gift to the daughters is postponed to let in the mother's interest.

Where it is apparent from the terms of the will that the future gift is postponed to let in some other interest, the gift is vested. *Packham* v. *Gregory*, 4 *Hare* 398; 1 *Roper on Leg.* 557.

Several of the cases cited upon the argument are direct authorities in support of the decision of the Supreme Court,

and some of them are undistinguishable in their material features from the present case. *Scurfield* v. *Howes*, 3 *Bro. Ch.* *R.* 90; *Shattuck* v. *Stedman*, 2 *Pick.* 467; *Barker, Ex'r*, v. *Woods*, 1 *Sandford's Ch. R.* 129.

In the application of the principle, it is not material whether the gift to the legatee for life is of the fund, or of the interest or use of the fund. And where a trust is created in favor of the legatee for life, it seems to be regarded as immaterial whether the fund is ordered by the testator to be invested by his executors, or is given to a trustee for that purpose.

I am of opinion that the judgment should be affirmed.

*For affirmance*—CLEMENT, CORNELISON, ELMER, FORT, GREEN, CH., HAINES, KENNEDY, WALES.    8.

*For reversal*—NONE.

CITED in *Executors of Whitehead* v. *Stryker*, 2 *C. E. Green* 281; *Feits' Executors* v. *Vanatta*, 6 *C. E. Green* 86; *Beatty's Administrator* v. *Montgomery, Executrix*, 6 *C. E. Green* 326; *Herbert's Executors* v. *Post*, 11 *C. E. Green* 281; *Same Case*, 12 *C. E. Green* 540.