8 N.J. Super. 84 (1950)
73 A.2d 352
RUSSELL BIERCE CORNWELL, SUBSTITUTED ADMINISTRATOR, ETC., PLAINTIFF-RESPONDENT,
v.
GEORGE W. MOORE, DEFENDANT-APPELLANT, AND CLARK L. CORNWELL, JR., AND ANOTHER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1950.
Decided May 22, 1950.
*85 Before Judges JACOBS, DONGES and BIGELOW.
*87 Mr. A. Leo Bohl argued the cause for the appellant.
Mr. Charles S. Van Auken argued the cause for the respondents.
The opinion of the court was delivered PER CURIAM.
We have little to add to the opinion of Judge Grimshaw. Appellant counts on the rule that where there is no express gift of a legacy distinct from the direction for its payment, the legacy does not vest until the time for payment arrives. But Miss Bierce's will comes within an exception to the rule: Where the legacy is payable upon the termination of a prior life estate, and the legatee is a person living at testator's death, the legacy vests at testator's death. Redmond v. Gummere, 94 N.J. Eq. 216 (E. & A. 1922); Sadler v. Bergstrom, 113 N.J. Eq. 567 (Buchanan, V.C., 1933). Or, to use more general language, where the payment of the legacy in question is postponed only to let in some prior interest, the gift is vested. Howell v. Green, 31 N.J.L. 570 (E. & A. 1864).
The judgment is affirmed.